IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GULSERN SARIKAYA, Individually and as Parent and Natural Guardian of I.S., a minor and NAZIM SARIKAYA, her husband, | : : : : | No. 4:CV 04-1070 |
| Plaintiffs | : : | Judge Jones |
| v. | : : | |
| WILLIAM E. STEWARD, AYISER CELIK and MUSTAFA CELIK, | : : | |
| Defendants | : | |

## ORDER

## May 23, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is Plaintiffs' Motions in Limine ("the Motion")(doc. 31) filed with the Court on January 17, 2006. On February 3, 2006, a pre-trial conference was held between this Court and Julia Munley, Esq., counsel for the Plaintiffs, Carmina Rinkunas, Esq., counsel for Defendant William E. Steward, and Norman D. Namey, Esq., counsel for Defendants Ayiser Celik and Mustafa Celik. During the conference, it was the Court's perception that the parties were able to come to an amicable resolution of nearly all the motions in limine. Thereafter, on February 13, 2006, we entered an Order (doc. 46)

1

continuing this case until the June 2006 trial term. In light of the amicable discussion at the pre-trial conference and the continuance of the trial until June 2006, the Defendants likely omitted filing a brief in opposition to the Motion. This Order will serve to memorialize the resolution of the various motions in limine.

The parties amicably resolved the motions in limine on these various topics, and therefore we will not render a ruling on them and deem them withdrawn:

1. Evidence relating to Plaintiffs' citizenship and immigration status;

2. Evidence regarding the religious affiliations or lack thereof of the parties;

3. Evidence that the Sarikayas and Celiks are related;

4. Evidence pertaining to Nazim Sarikaya's work history;

5. Evidence that the minor plaintiff was not in a booster seat at the time of the accident;

6. Evidence that Mrs. Sarikaya does not have a drivers' license or drive;

7. Evidence regarding psychological injuries to I.S.; and

8. Evidence that Mr. Sarikaya smokes.

In the sole remaining motion in limine, the Plaintiffs move this Court to preclude any evidence that Mrs. Sarikaya became pregnant after the accident.

2

Plaintiffs anticipate that the Defendants might argue that Mrs. Sarikaya's injuries were caused by her pregnancy rather than the car accident upon which this action is based. Plaintiffs argue that they a have not alleged that Mrs. Sarikaya's pregnancy was in any way complicated by her injuries arising from the accident, and therefore any such evidence is irrelevant.

Unfortunately, without the benefit of a brief by the Defendants on this issue, we cannot anticipate how the Defendants may attempt to use, if at all, the factual circumstance of Mrs. Sarikaya's pregnancy as evidence in this matter. Therefore, we will defer a ruling on this motion in limine until trial, when the relevance of this evidence can be more accurately determined by the Court.

**NOW, THEREFORE, THE FOLLOWING ORDER IS ENTERED:**

1. The Plaintiff's Motion in Limine is (doc. 32) deemed WITHDRAWN in part and DEFERRED in part to the extent set forth in the above Order.

_____
John E. Jones III
United States District Judge